OF

## NORTH CAROLINA

AT

## RALEIGH

### SPRING TERM 1971

STATE OF NORTH CAROLINA v. GRADY DELANEY WINFORD

No. 59

(Filed 3 February 1971)

Criminal Law §§ 154, 177— case on appeal — inability to obtain trial transcript from reporter — remand to superior court

On defendant's appeal from the refusal of a superior court judge to grant defendant a new trial because of the court reporter's failure to provide a trial transcript for preparation of the case on appeal, the Supreme Court remanded the appeal to the superior court so that defendant might proceed to perfect his appeal, since the trial transcript had been delivered to defendant subsequent to the present appeal.

THIS APPEAL was transferred for initial appellate review by the Supreme Court by an order entered pursuant to G.S. 7A-31(b)(4). It was docketed and argued as Case No. 97 at the Fall Term 1970.

*Robert Morgan, Attorney General; William F. Briley, Assistant Attorney General; and Claude W. Harris, Assistant Attorney General for the State.*

*Collier, Harris & Homesley by Richard M. Pearman, Jr., and Walter H. Jones, Jr., for defendant appellant.*

PER CURIAM.

At the 25 May 1970 Session of IREDELL, *Seay, J.*, presiding, defendant was convicted of murder in the second degree. From a prison sentence of not less than 25 nor more than 30 years he gave notice of appeal. He was allowed 60 days in which to prepare and serve his case on appeal, and the State was allowed 20 days thereafter to prepare and serve countercase. In apt time defendant's counsel requested Ms. Sandra H. Shoup, the court reporter for that session, to furnish him a transcript of the trial proceedings. She agreed to do so but thereafter moved to the State of Maryland without having delivered it. Because of her failure to deliver the transcript Judge Seay twice extended defendant's time for serving case on appeal, the last time until 14 November 1970.

On 22 October 1970 defendant filed a motion for a new trial on the ground that he had been unable to secure the stenographic record of his trial; that the time for docketing his appeal in the Court of Appeals expired on 25 October 1970; and that, without the transcript, his counsel could not properly prepare his case on appeal. The motion was supported by an affidavit of his counsel, T. C. Homesley, Jr., who detailed the failure of his "continuous and repeated efforts," made by both mail and telephone, to get the transcript from Ms. Shoup. He asserted his belief that she either could not or would not produce it.

Judge Robert M. Martin heard defendant's motion and denied it on 22 October 1970. In the record is a stipulation, signed by Solicitor Zeb A. Morris and Mr. Homesley, that due to the failure of the court reporter to provide a transcript neither defendant's attorneys nor the solicitor could competently set forth the trial proceedings.

On 26 October 1970 defendant docketed in the Court of Appeals the record proper, the motions and orders extending the time for serving case on appeal, the motion for a new trial with the supporting affidavit and stipulation, and the court's order denying the motion. He made three assignments of error, all of which were directed to the court's refusal to grant defendant a new trial because of the court reporter's failure to provide a transcript.

The case was argued in this Court on 9 December 1970 on the sole question whether defendant was entitled to a new trial

because of the court reporter's failure to deliver the transcript. Thereafter further efforts to secure the transcript were made at the instance of this Court. The transcript has now been delivered.

IT IS THEREFORE ORDERED that this case be and the same is hereby remanded to the Superior Court of Iredell County to the end that defendant may, if so advised, proceed to perfect his appeal. Defendant is allowed through March 6th to make up and serve his case on appeal. The State is allowed 20 days after service of the case upon the solicitor in which to file exceptions or countercase. Defendant will file his case on appeal and his assignments of error in this Court on or before 13 April 1971, and the case will be set for argument in regular course at the May Session, 1971.

Remanded.